UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS FOOTE RISELEY, | No. 2:21-cv-1078 AC P |
| Plaintiff, | |
| v. | ORDER |
| COVELLA, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. ECF Nos. 1, 4. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

For the reasons stated below, plaintiff's application to proceed in forma pauperis will be granted. In addition, plaintiff will be given an opportunity to amend the complaint.

I.   IN FORMA PAUPERIS APPLICATION

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). See ECF No. 4. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

forward it to the Clerk of Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.   SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

////

### III. PLEADING STANDARD

#### A. Generally

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

#### B. Linkage Requirement

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in

Section 1983 suits). Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Iqbal, 556 U.S. at 676.

## IV. THE COMPLAINT

Plaintiff names Warden Covella of Mule Creek State Prison ("MCSP") as the sole defendant in this action. ECF No. at 1-2. He contends that his rights were violated when, after a correctional officer ordered him to put two boxes of his property in a room, he never saw the boxes again. Id. at 3. Plaintiff further contends that he never received a receipt for the confiscated property. Id. He also states that when he filed a grievance the next day to determine when his property would be returned, a yard sergeant told him it would receive it after he went back to D Yard. Id. At that time, plaintiff was also told that if he filed another grievance, he would never see his property again. Id. Ultimately, the property was never returned to him.

Plaintiff seeks damages in the form of the value of his property, which amounts to $1,027.00. He also asks for $10,000.00 in punitive damages, as well as court costs and reasonable attorneys' fees. ECF No. 1 at 6.

## V. APPLICABLE LAW

"The touchstone of due process is protection of the individual against arbitrary action of government." Wolff v. McDonnell, 418 U.S. 539, 558 (1974) (citation omitted). Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). The Due Process Clause protects prisoners from being deprived of property without due process of law. Wolff, 418 U.S. at 556. It is violated only when the agency "prescribes and enforces forfeitures of property without underlying statutory authority and competent procedural protections." Nevada Dep't of Corrections v. Greene, 648 F.3d 1014, 1019 (9th Cir. 2011); Vance v. Barrett, 345 F.3d 1083, 1090 (9th Cir. 2003).

The authorized, intentional deprivation of property is actionable under the Due Process Clause. See Blantz v. California Dep't of Corr. and Rehab., 727 F.3d 917, 922 (9th Cir. 2013)

4

(stating state may not deprive person of property without due process); Logan v. Zimmerman Brush Co., 455 U.S. 422, 434 (1982) (stating state may not destroy property interest without first giving owner opportunity to present claim of entitlement); see, e.g., Quick v. Jones, 754 F.2d 1521, 1523-24 (9th Cir. 1985) (finding intentional, authorized conduct allows for predeprivation processes). An authorized deprivation is one carried out pursuant to established state procedures, regulations or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987). Negligent or unauthorized intentional deprivations of property by state officials, however, do not constitute violations of procedural due process under the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available. Hudson v. Palmer, 468 U.S. 517, 533 1984). State action is not complete until and unless it provides or refuses to provide a post deprivation remedy. Hudson, 468 U.S. at 533. To claim a due process violation under the Fourteenth Amendment for deprivation of property, one must demonstrate that the government has deprived him of the property interest without providing adequate procedural protections. McQuillion v. Duncan, 306 F.3d 895, 900 (9th Cir. 2002) (citing Brewster v. Board of Educ. of Lynwood Unified School Dist., 149 F.3d 971, 982 (9th Cir. 1998)).

VI.   DISCUSSION

As currently written, this complaint fails to state a claim upon which relief may be granted. Although plaintiff names MSP Warden Covella as a defendant, he fails to state how defendant Covella was involved in the confiscation and/or subsequent loss of his property. Based on the facts provided, it is unclear whether defendant Covella was even aware of the confiscation and subsequent loss of plaintiff's property, let alone that he had anything to do with it. It is also unclear whether there was a legitimate reason behind plaintiff being ordered to put the boxes of property in a room and whether receiving a receipt for them at that time was appropriate. Finally, the complaint fails to indicate whether prison officials have refused to return his property and why. For these reasons, the complaint fails to state a claim upon which relief may be granted. Therefore, it cannot be served.

////

1    To raise a viable Section 1983 claim against a prison official, a prisoner must show that
2  the official, either in acting or in failing to act, caused the alleged constitutional deprivation. Leer
3  v. Murphy, 844 F.2d 628, 633-34 (9th Cir. 1988) (stating requirement of specific facts regarding
4  each defendant's involvement along with establishment of proximate cause); see also Johnson v.
5  Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (stating personal participation and causal connection
6  requirements). Plaintiff must state with specificity what defendant Covella did to deprive
7  plaintiff of his property, and/or identify as defendants the individuals personally responsible for
8  violating plaintiff's rights. Plaintiff will be given an opportunity to do so via an amended
9  complaint.

10    VII.   LEAVE TO AMEND

11    Plaintiff will be given the opportunity to amend the complaint. When doing so, plaintiff
12  should observe the following: An amended complaint must identify as a defendant only persons
13  who personally participated in a substantial way in depriving plaintiff of a federal constitutional
14  right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the
15  deprivation of a constitutional right if he does an act, participates in another's act or omits to
16  perform an act he is legally required to do that causes the alleged deprivation).

17    An amended complaint must also contain a caption including the names of all
18  defendants. Fed. R. Civ. P. 10(a). Plaintiff may not change the nature of this suit by alleging
19  new, unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

20    Any amended complaint must be written or typed so that it is complete in itself without
21  reference to any earlier filed complaint. See L.R. 220 (E.D. Cal. 2009). This is because an
22  amended complaint supersedes any earlier filed complaint, and once an amended complaint is
23  filed, the earlier filed complaint no longer serves any function in the case. See Loux v. Rhay,
24  375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter
25  being treated thereafter as non-existent."), overruled on other grounds by Lacey v. Maricopa
26  Cty., 693 F.3d 896 (2012).

27    The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d
28  1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must not include any preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. McHenry v. Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. McHenry, 84 F.3d at 1179-80. A long, rambling pleading including many defendants with unexplained, tenuous, or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

### VIII. PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT

Your complaint cannot be served, for several reasons. First, you have named only the Warden as a defendant but do not state how he was involved in the confiscation of your property and failure to return it to you. The complaint does not say why you were directed to box up your property and put it in a room. In addition, the complaint does not indicate whether prison officials have given you an explanation for failing to return your property. The court needs these facts to determine whether your case can proceed.

For these reasons, you are going to be given an opportunity to file an amended complaint. When you do so, you must address the issues identified in this order.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall send plaintiff a copy of the Civil Rights Complaint By a Prisoner form used by this court;

2. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 4) is GRANTED;

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith;

4. The complaint as currently written does not state a claim against defendant Covella, the warden at Mule Creek State Prison;

5. Within thirty days from the date of this order, plaintiff shall file an amended complaint in this court.

Plaintiff is cautioned that failure to comply with the directives in this order within the time allotted may result in a recommendation that this case be dismissed.

DATED: June 21, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE