UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS FOOTE RISELEY, | No. 2:21-cv-1078 AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| COVELLA, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. ECF No. 11. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

For the reasons stated below, the undersigned recommends that the amended complaint (ECF No. 11) be dismissed without leave to amend.

I.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

1

1  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
2  (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless
3  legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d
4  639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other
5  grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is
6  whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual
7  basis. Franklin, 745 F.2d at 1227-28 (citations omitted).
8      "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the
9  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of
10 what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550
11 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
12 "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context
13 of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman,
14 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). "[T]he pleading must contain something
15 more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable
16 right of action." Twombly, 550 U.S. at 555 (alteration in original) (quoting 5 Charles Alan
17 Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).
18     "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to
19 relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting
20 Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual
21 content that allows the court to draw the reasonable inference that the defendant is liable for the
22 misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this
23 standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.
24 Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the
25 pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,
26 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).
27 ////
28 ////

II. Complaint

Plaintiff's original complaint named Warden Covella of Mule Creek State Prison ("MCSP") as the sole defendant in this action, and alleged that correctional officers (not Covella) ordered plaintiff to put two boxes of property in a secure room and did not provide him with a receipt for the property. ECF No. 1 at 3. Plaintiff also alleged that a yard sergeant told him his property would be returned once he returned to his prior yard and an attached grievance appeal indicates that plaintiff was also told that his property would be returned in two weeks. Id. at 3, 8. Ultimately, the property was never returned to him. Id. at 3.

Plaintiff's amended complaint, once again, names Covella, this time identified as "Covello," as the sole defendant. ECF No. 11 at 1-3. Plaintiff contends that his rights were violated when "Warden Covello signed an order to place [his] property in a secured room because of Covid outbreak" and his property was never returned. Id. at 3.

As in the original complaint, the amended complaint seeks damages in the form of the value of his property, which he claims amounts to $1,027.00; $10,000.00 in punitive damages; and court costs and reasonable attorney's fees. Id. at 6.

III. Failure to State a Claim

The amended complaint fails to state a claim upon which relief may be granted. Plaintiff fails to allege sufficient facts against Covello to demonstrate that he ordered more than a temporary separation from his property based on a Covid quarantine status. Such temporary deprivation, based on reclassification, or in this case quarantine due to a public health emergency, is not a deprivation entitled to due process. See Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam) (finding that the district court did not err in dismissing plaintiff's claim that he was deprived of property without due process of law because the property was deprived due to reclassification and under the new classification, he was not eligible to possess the additional property).

Moreover, in considering the allegations of the amended complaint in light of those in the original complaint—in which plaintiff indicates he was told the separation from his property was temporary, but his property was never returned—the failure to return his property appears to have

been at most an unauthorized and random deprivation. As plaintiff was previously advised when the court screened the original complaint, the "unauthorized and random" deprivation of property by a prison official, whether intentional or negligent, does not state a claim under § 1983 if the state provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533 (1984). "California Law provides an adequate post-deprivation remedy for any property deprivations." Barnett, 31 F.3d at 816-17 (citing Cal. Gov't Code §§ 810-895).

To the extent plaintiff tries to allege that Covello or a correctional officer or yard sergeant were acting with authorization when they did not return his property, plaintiff has failed to allege established state procedures, regulations, or statutes authorizing the permanent deprivation of plaintiff's property. See Piatt v. MacDougall, 773 F.2d 1032, 1036 (9th Cir. 1985) (an authorized deprivation of property, which is carried out pursuant to established state procedures, regulations, or statutes, is not foreclosed by the existence of post-deprivation remedies). Absent allegations of such authorization, the alleged act of permanently depriving plaintiff of his property constitutes an unauthorized and random deprivation, which cannot as a matter of law support a cognizable due process claim under § 1983.

## IV.    No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

The undersigned finds that, as set forth above, the amended complaint fails to state a claim upon which relief may be granted. Plaintiff has already been given an opportunity to amend the complaint and advised what kind of information he needed to provide in order to state a due process claim for the deprivation of property. The amended complaint contains even less information than the original, and the addition of only a single fact—that Covello was responsible for the order to place plaintiff's property in the secured room—indicates that further amendment would not result in a cognizable claim. As a result, leave to amend would be futile and the

complaint should be dismissed without leave to amend.

  V.  <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

  It is being recommended that your complaint be dismissed without leave to amend because your claim for the loss of your property does not state a claim for relief that can be pursued in federal court.

  In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

  IT IS FURTHER RECOMMENDED that the first amended complaint be dismissed without leave to amend for failure to state a claim.

  These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 29, 2024

                    /s/ Allison Claire
                    ALLISON CLAIRE
                    UNITED STATES MAGISTRATE JUDGE