UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS FOOTE RISELEY,<br><br>    Plaintiff,<br><br>    v.<br><br>COVELLA,<br><br>    Defendant. | No. 2:21-cv-01078-DC-AC (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING THIS ACTION<br><br>(Doc. No. 12) |

    Plaintiff Thomas Foote Riseley is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636 (b)(1)(B) and Local Rule 302.

    On August 29, 2024, the assigned magistrate judge screened Plaintiff's first amended complaint and issued findings and recommendations recommending that this action be dismissed, without leave to amend, due to Plaintiff's failure to state a cognizable claim upon which relief may be granted. (Doc. No. 12.) Specifically, the magistrate judge notes that Plaintiff contends "his rights were violated when 'Warden Covello[1] signed an order to place [his] property in a secured room because of Covid outbreak' and his property was never returned," but these

---

[1] Plaintiff's original complaint and first amended complaint both name Covello as the sole defendant, though the original complaint spells his name "Covella," and the first amended complaint spells his name "Covello." (*Compare* Doc. No. 1 *with* Doc. No. 11.)

1

allegations do not "demonstrate that [Defendant] ordered more than a temporary separation from his property based on a Covid quarantine status." (Doc. No. 12 at 3.) Further, the magistrate judge explained that "the failure to return his property appears to have been at most an unauthorized and random deprivation," which the magistrate judge had already advised Plaintiff in the screening order of his original complaint is insufficient to state a cognizable claim under § 1983. (*Id.* at 3–4.) For these reasons, the magistrate judge recommended that Plaintiff's complaint be dismissed and found that the granting of further leave to amend would be futile. (*Id.* at 4–5.)

Those findings and recommendations were served on Plaintiff and contained notice that any objections thereto were to be filed within twenty-one (21) days from the date of service. (*Id.* at 5.) To date, no objections to the pending findings and recommendations have been filed, and the time in which to do so has now passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly,

1. The findings and recommendations issued on August 29, 2024 (Doc. No. 12) are adopted in full;
2. This action is dismissed due to plaintiff's failure to state a cognizable claim for relief; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **November 4, 2024**

Dena Coggins
United States District Judge

2